## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## CASE NO. 5:19-cv-00380-M

JAPHETH N. MATEMU,                        )
                        Plaintiff,        )
                                          )
v.                                        )        **ORDER**
                                          )
THOMAS BRIENZI, *in his individual*       )
*capacity*, BRIAN TEW, *in his individual* )
*capacity*, TRACI MATEMU, JOHN            )
HERRING, *in his official capacity*, and  )
TOWN OF HOLLY SPRINGS,                    )
                        Defendants.       )

This matter is before the Court on six pending motions: Plaintiff's Motion to Remand [DE-23]; Defendants' Motion to Strike Plaintiff's Second Amended Complaint [DE-37]; Plaintiff's Motion for Leave to File Amended Complaint [DE-25]; Defendants' Motion to Dismiss [DE-28]; Plaintiff's Motion for Entry of Default Judgment Against Defendant Matemu [DE-13]; and Defendant Matemu's Motion for Extension of Time to File Answer [DE-15].

I.     Factual & Procedural Background

The suit's origin lies in a complicated history of divorce and a custody battle between pro se Plaintiff Japheth Matemu ("Plaintiff") and his ex-wife and third-named defendant, Traci Matemu ("Defendant Matemu"). Plaintiff originally filed suit against Defendants Thomas Brienzi (police officer), Brian Tew (police officer), and Traci Matemu (ex-wife) on July 29, 2019, in Wake County Superior Court. Notice of Removal ¶ 1, DE-1. Over one week later, on August 7, 2019, Plaintiff filed an amended complaint. *Id.* ¶ 2. Before filing any responsive pleadings in state court,

1

Defendants Brienzi and Tew, with Defendant Matemu's consent, filed a notice to remove the action to federal court based on federal-question jurisdiction on August 28, 2019. *Id.* ¶¶ 5, 9.

A response to the removed Amended Complaint was due to this Court on September 4, 2019. Defendants Brienzi and Tew requested and were granted leave for an extension of time to file an answer or otherwise respond through October 4, 2019 [DE-9; DE-10]. Defendant Matemu made no such request. On September 5, 2019, Plaintiff moved for default judgment against Defendant Matemu [DE-13]. No response was filed and the motion is ripe for ruling.

On September 6, 2019, Defendant Matemu filed a motion for extension of time to file answer [DE-15]. A response in opposition was filed by Plaintiff on September 9, 2019 [DE-16], a reply by Defendant Matemu was filed on September 17, 2019 [DE-20], and the motion is ripe for ruling.

On September 27, 2019, Plaintiff filed a Second Amended Complaint [DE-21], without the consent of the Defendants or leave of the Court. In his Second Amended Complaint Plaintiff added two new defendants, the Chief of Police and the Town of Holly Springs, and factual allegations surrounding their involvement in the matter. Defendants, except Defendant Matemu, filed a motion to strike the Second Amended Complaint and memorandum in support on October 18, 2019 [DE-37; DE-38]. Plaintiff responded in opposition on November 4, 2019 [DE-42], Defendants replied on November 18, 2019 [DE-44], and the motion is ripe for ruling.

Also on September 27, 2019, Plaintiff filed a Motion to Remand the case back to Wake County Superior Court and memorandum in support [DE-23; DE-24]. On October 18, 2019, Defendants, except Defendant Matemu, filed their response in opposition [DE-39] and the motion is ripe for ruling.

2

On October 3, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint, attaching a proposed Third Amended Complaint, and memorandum in support to fix the case caption to appropriately reflect that the case moved to the Eastern District of North Carolina [DE-25; DE-26]. Defendants, except Defendant Matemu, filed a response in opposition on October 18, 2019 [DE-40], Plaintiff replied on November 4, 2019 [DE-43], and the motion is ripe for ruling.

On October 4, 2019, Defendants Brienzi and Tew filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim [DE-28]. Plaintiff filed his response in opposition on October 9, 2019 [DE-31] and Defendants Brienzi and Tew replied on October 23, 2019 [DE-41], and the motion is ripe for ruling.

II.    Plaintiff's Motion to Remand [DE-23]

Plaintiff timely filed his motion to remand[1] and memorandum in support [DE-23; DE-24] making four primary arguments: (1) two of the Defendants, newly added via the Second Amended Complaint, did not consent to removal; (2) *Younger* requires abstention when injunctive or declaratory relief would interfere with pending state proceedings; (3) the *Rooker-Feldman* doctrine prohibits federal courts from reviewing state-court decisions; and (4) the applicability of the domestic relations exception. In response [DE-39] Defendants, except Defendant Matemu, reasserted that federal-question jurisdiction was the basis for removal, all Defendants who were parties to the suit at the time of removal consented to removal and Defendants Herring and the Town of Holly Springs agree to removal, the *Younger* and *Rooker-Feldman* doctrines and domestic

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447.

relations exception are inapplicable, and finally, that Plaintiff's active participation in the federal case constitutes a waiver of any objection to removal.

"We begin with the fundamental proposition that '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (citing *Colorado River Water Conservation Dist. v. United States*, 242 U.S. 800, 813 (1976)). A district court's decision to surrender jurisdiction is discretionary. *VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015).

One of the abstention doctrines is *Younger*,[2] "which counsels federal-court abstention when there is a pending state proceeding [and] reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). "The doctrine recognizes that state courts are fully competent to decide issues of federal law and has as a corollary the idea that all state and federal claims should be presented to the state courts." *Richmond*, 4 F.3d at 251 (internal citation omitted).

*Younger* abstention determinations are based on a three-part test: "'(1) is there an ongoing state judicial proceeding; (2) do the proceedings implicate important state interests; [and] (3) is there an adequate opportunity in the state proceedings to raise federal claims.'" *Id.* (citation omitted). In *Moore v. Sims*, the Supreme Court applied the doctrine in a child custody action with suspected instances of child abuse noting "[f]amily relation are a traditional area of state concern". 442 U.S. at 415, 418. However, the federal claims challenged the constitutionality of Texas child abuse statutes that were the basis for taking custody of three minors away from parent-appellees.

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

4

*Id.* at 418-20. The Court found that Texas law presented no procedural barriers to raising the constitutional claims and this was one of the reasons that supported the applicability of *Younger* abstention. *Id.* at 430.

The *Rooker-Feldman* doctrine[3] "deprive[s] a district court of subject matter jurisdiction only in a narrow set of circumstances, specifically in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Briggman v. Virginia, Dep't of Soc. Servs., Div. of Child Support Enf't*, 526 F. Supp. 2d 590, 599 (W.D. Va. 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The domestic relations exception prohibits federal courts from issuing or altering "divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). It does not extend to all cases having intrafamily aspects. *See Cole v. Cole*, 633 F.2d 1083, 1088-89 (4th Cir. 1980) (finding the domestic relations exception inapplicable in husband's suit against ex-wife and police officers for claims of malicious prosecution, abuse of process, arson, conspiracy, and conversion); *see also Raftery v. Scott*, 756 F.2d 335, 337-38 (4th Cir. 1985) ("[T]he suit concerns not the establishment and implementation of visitation rights but, rather, seeks an award of damages precisely because of acts by the former wife to frustrate whatever domestic relations aspects remained of her relationship with her former husband. If someone who had never been married to Raftery . . . had set about destroying the relationship between the father and his son, any cause of action arising out of such behavior would not be foreclosed from a hearing in federal court because it partook of some intra-family aspects.").

---

[3] Based upon the holdings of the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Case 5:19-cv-00380-M   Document 46   Filed 04/23/20   Page 5 of 15

In this case all Defendants—at the time of removal and who have been added since—consent to removal. *See* DE-39 at 5, n.1 ("In fact, the undersigned counsel has been retained to represent both parties, and can represent that they would consent to the removal of this matter."). The ongoing state proceeding that potentially implicates *Younger* abstention is a child custody case between Plaintiff and Defendant Matemu. While this certainly falls under a traditional area of state concern, Plaintiff cannot raise any of his tort claims or his constitutional claim pursuant to 42 U.S.C. § 1983 in the ongoing child custody proceeding nor can he implead Defendant police officers and the Town of Holly Springs. Because the pivotal third prong cannot be met, *Younger* abstention is inapplicable.[4] Similarly inapplicable are the *Rooker-Feldman* doctrine and the domestic relations exception. There is no state-court decision that Plaintiff seeks review of in federal court. Instead, as pointed out by Defendants, the state court order setting aside a Domestic Violence Protective Order is favorable to Plaintiff. Furthermore, while this suit no doubt involves intrafamily overtones, at its core it seeks an award of damages for alleged torts and constitutional violations by an ex-wife, police officers, a Chief of Police, and a town. The Court in its discretion declines to abstain and Plaintiff's Motion to Remand [DE-23] is DENIED.

III.     Defendants' Motion to Strike Plaintiff's Second Amended Complaint [DE-37]

Defendants Brienzi, Tew, Herring, and the Town of Holly Springs move to strike Plaintiff's purported Second Amended Complaint based on a failure to obtain written consent or leave of court prior to filing [DE-37]. In his response in opposition [DE-42], Plaintiff argues—without citing any law—that once a case is removed from state to federal court, the amended complaint

---

[4] While Plaintiff makes an additional argument that this Court should abstain from granting injunctive or declaratory relief that has the potential to interfere with a pending child custody determination, in all four iterations of his complaint he is only seeking monetary damages.

6

filed in state court does not count towards amendment as a matter of course contemplated by Federal Rule of Civil Procedure 15(a). In the alternative, he argues that leave to amend his complaint should be freely given. In their reply [DE-44], Defendants argue that courts nationwide "hold that when a party amends as a matter of course in state court, it cannot again amend as a matter of course in federal court following removal." DE-44 at 2 (citing caselaw from the Northern District of New York, Central District of California, Northern District of Texas, Northern District of Georgia, District of Arizona, Eastern District of California, and District of Maryland).

Pursuant to Federal Rule of Civil Procedure 12, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" by acting on its own or on a motion made by a party. Fed. R. Civ. P. 12(f). District courts have considerable discretion in deciding Rule 12(f) motions to strike. *See United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 325 (4th Cir. 2018) ("Although the striking of a pleading can be a tough remedy, the district court did not abuse its discretion by granting the government's motion."); *see also* Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2020) ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter.").

In an analogous case from another district court in the Fourth Circuit, a pro se plaintiff filed a complaint in state court and amended that complaint in state court before the case's removal to federal court. *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 719 (D. Md. 2002), *aff'd sub nom. Whitehead v. Viacom, Inc.*, 63 F. App'x 175 (4th Cir. 2003). The plaintiff subsequently filed a second amended complaint, which he labeled his "First Amended Complaint," without leave of the federal court based on the theory that he got a second automatic right to amendment in federal court. *Id.* The District of Maryland was not persuaded by the argument, explaining that "[a]llowing

7

Plaintiff to amend his complaint again without leave of court would require this court not to recognize the original state court complaint as valid, which the court is unwilling to do. Accordingly, the court will grant Defendant's motion to strike Plaintiff's second amended complaint . . . ." *Id.*

This Court, in its discretion, agrees with that reasoning and recognizes all prior pleadings, orders, and proceedings associated with this case in Wake County Superior Court prior to removal as valid. Plaintiff's Second Amended Complaint is his second bite at the apple which requires either the opposing party's written consent or the court's leave. Plaintiff sought neither prior to filing. Therefore, Defendants' Motion to Strike [DE-37] is GRANTED.

IV. Plaintiff's Motion for Leave to File Amended Complaint [DE-25] & Defendants' Motion to Dismiss Plaintiff's Amended Complaint [DE-28]

For purposes of his motion, Plaintiff proceeds on the assumption that his Second Amended Complaint [DE-21] is the operative complaint. He seeks leave of the Court to file a Third Amended Complaint [DE-25] pursuant to Federal Rule of Civil Procedure 15 for the sole purpose of correcting the case caption, which in the Second Amended Complaint [DE-21] reflects the Wake County Superior Court. In their response in opposition, Defendants (except Defendant Matemu) make several arguments why leave to amend should be denied [DE-40]. First, Plaintiff failed to provide a redlined version of his proposed amended complaint pursuant to Local Rule 15.1(a)(ii). Second, because Plaintiff's proposed Third Amended Complaint cannot withstand a motion to dismiss, granting leave to amend would be futile. Third, the allegations made against the newly added Defendants (John Herring, in his official capacity, and the Town of Holly Springs) are "conclusive and threadbare." DE-40 at 3. Finally, that the naming of the Chief of Police in his official capacity is duplicative of naming the Town of Holly Springs, an entity of which the Chief

8

of Police is an agent. In reply [DE-43], Plaintiff seeks leave to address the deficiencies identified by Defendants.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend should be freely given "when justice so requires." *Id.* Absent a showing of undue delay, bad faith, futility, and prejudice to the opposing party, a court should grant a party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006). Of these considerations, prejudice is of particular importance. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Under [the *Foman*] standard prejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment. Conversely, absence of prejudice, though not alone determinative, will normally warrant granting leave to amend.") (citation omitted).

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427.

Furthermore,

> (T)he Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the

9

> issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure [sic] that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the pro se plaintiff, radiations from Burris strongly suggest that the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Given the Fourth Circuit's position on civil rights plaintiffs and pro se civil rights plaintiffs in particular, *see id.*, this Court will treat Plaintiff's motion for leave to amend liberally. Here, the core causes of action are malicious prosecution, abuse of process, false imprisonment, constitutional violations pursuant to 42 U.S.C. § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, and libel. Defendants concede that no changes to the causes of action have been made. DE 40 at 3. Other than arguing that amendment would be futile because of Defendants' pending motion to dismiss, they have not explained how or why the motion to amend was made in bad faith or why granting it would otherwise be prejudicial or cause undue delay. Plaintiff's Motion for Leave to File Amended Complaint [DE-25] is GRANTED. The Clerk will be directed to file Plaintiff's proposed Third Amended Complaint [DE-25-1] as a separate docket entry, which will become the operative complaint in this proceeding. Defendants will have fourteen (14) days to answer or otherwise respond to the Third Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

Case 5:19-cv-00380-M   Document 46   Filed 04/23/20   Page 10 of 15

Defendants Brienzi and Tew have also filed a Motion to Dismiss Plaintiff's Amended Complaint [DE-28]. "Where an amended complaint has been filed with leave of court, motions to dismiss earlier complaints are denied as moot. Plaintiff's original complaint in now 'of no legal effect.'" *Parsons v. N. Carolina Dep't of Revenue*, No. 5:18-cv-452-FL, 2019 WL 2181913, at \*2 (E.D.N.C. May 20, 2019) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)); *see also* Charles Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2020) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .") (footnote omitted). Accordingly, the pending Motion to Dismiss [DE-28] is DENIED as moot.

V.     Plaintiff's Motion for Entry of Default Judgment Against Defendant Matemu [DE-13]

On September 5, 2019, Plaintiff filed a motion requesting that the Clerk of Court enter a default judgment against Defendant Matemu pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1 [DE-13]. Plaintiff argues that after the suit was removed to federal court on August 28, 2019, with Defendant Matemu's consent, she had seven days to file a response to the pleading, through September 4, 2019. *See* Fed. R. Civ. P. 81(c)(2)(C) ("After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods . . . 7 days after the notice of removal is filed."). Because she failed to plead or otherwise defend suit within the appropriate time period, Plaintiff argues that default judgment is warranted.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

11

party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). While default judgment may be appropriate where a party is unresponsive, it is generally not when a party demonstrates an intent to defend. *Id.*; *see* Fed. R. Civ. P. 55, 2007 Amendment ("Acts that show an intent to defend have frequently prevented a default . . . ."); *see also Educ. Servs., Inc. v. Maryland State Bd. for Higher Educ.*, 710 F.2d 170, 176-77 (4th Cir. 1983) (finding no abuse of discretion in the denial of the motion for default judgment where no answer was served as of the time plaintiff moved for default judgment); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir. 1950) ("Appellants complain because default judgment was not granted them; but whether such judgment should have been entered or respondents allowed to answer was a matter resting in the sound discretion of the District Judge."). Furthermore, the Fourth Circuit has a strong policy favoring merits-based adjudication. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, while Defendant Matemu failed to answer or otherwise respond to Plaintiff's Amended Complaint within the appropriate timeframe, she was not altogether unresponsive. Defendant Matemu consented to removal of the action to federal court before notice was filed on August 28, 2019 [DE-1], counsel filed a Notice of Appearance on September 6, 2019 [DE-14], and Defendant Matemu filed her Financial Disclosure Statement on September 17, 2019 [DE-19]. Also on September 6, as will be discussed further in the next section, Defendant Matemu filed a Motion for Extension of Time [DE-15]. For these reasons the Court, in its discretion, declines to

12

take the drastic measure of rendering a default judgment and instead will follow the Fourth Circuit's strong policy of deciding cases on the merits. Plaintiff's Motion for Entry of Default by Clerk [DE-13] is DENIED.

VI.    Defendant Matemu's Motion for Extension of Time [DE-15]

On September 6, 2019, Defendant Matemu sought leave of the Court for an order extending the deadline by which she had to answer or otherwise respond to Plaintiff's Amended Complaint through October 3, 2019, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6.1 [DE-15]. The bases for the request are that she had already requested and received a similar extension in state court, received notice of removal via U.S. mail two days after her response was originally due, and demonstrated an intent to defend suit by consenting to removal. Though the motion for extension remains pending, Defendant Matemu still has not filed an answer or otherwise responded to the complaint. In his response in opposition [DE-16], Plaintiff argues that Defendant Matemu did not demonstrate good cause or excusable neglect for the motion, the motion was untimely, that she failed to comply with the financial disclosure requirement of this Court, and that the motion itself should not constitute a responsive pleading. In reply [DE-20], Defendant Matemu added that no prejudice would result from the granting of the extension and that it is warranted due to excusable neglect resulting from the late receipt of the notice of removal.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A district court uses its discretion in determining whether or not to grant relief and considers the following factors in deciding whether neglect is excusable: "[1] the danger of prejudice . . . , [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable

13

control of the movant, and [4] whether the movant acted in good faith." *In re MI Windows & Doors, Inc., Prod. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court, in its discretion, determines that good cause and excusable neglect have been demonstrated. There has already been extensive delay in this case, in part due to confusion amongst the parties regarding which is the operative complaint. Given that this has now been resolved, see *supra* Part IV, granting Defendant Matemu fourteen days to answer or otherwise respond will not further prejudice Plaintiff or unduly lengthen the delay that has already occurred. The Court believes that Defendant Matemu has acted in good faith and established valid reason for requesting the extension due to the delayed receipt of notice of removal. Defendant Matemu's Motion for Extension of Time [DE-15] is hereby GRANTED and she will have fourteen (14) days to answer or otherwise respond to the Third Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

VII.    Conclusion

For the reasons discussed above, the pending motions are disposed of as follows:

- Plaintiff's Motion to Remand [DE-23] is DENIED.
- Defendants' Motion to Strike [DE-37] Plaintiff's Second Amended Complaint [DE-21] is GRANTED.
- Plaintiff's Motion for Leave to File Amended Complaint [DE-25] is GRANTED. The Clerk is DIRECTED to docket Plaintiff's Third Amended Complaint, currently an

14

attachment to Plaintiff's Motion [DE-25-1]. Defendants will have fourteen (14) days to answer or otherwise respond to the Third Amended Complaint. In light of this, Defendants' Motion for Summary Judgment [DE-28] is DENIED as moot.

- Plaintiff's Motion for Entry of Default by Clerk [DE-13] is DENIED.

- Defendant Matemu's Motion for Extension of Time [DE-15] is GRANTED and she will have fourteen (14) days to answer or otherwise respond to the Third Amended Complaint.

SO ORDERED this the 23 day of April, 2020.

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE