IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00380-M

JAPHETH N. MATEMU, )
                Plaintiff, )
)
v. ) **ORDER**
)
THOMAS BRIENZI, *in his individual* )
*capacity*, BRIAN TEW, *in his individual* )
*capacity*, TRACI MATEMU, JOHN )
HERRING, *in his official capacity*, and )
TOWN OF HOLLY SPRINGS, )
                Defendants. )

This matter is before the court on three pending motions: Plaintiff's Motion for Leave to File Fourth Amended Complaint (hereinafter "Motion to Amend") [DE-53]; Defendants'[1] Motion to Dismiss Plaintiff's Third Amended Complaint (hereinafter "Motion to Dismiss") [DE-48]; and Plaintiff's Motion for Partial Summary Judgment Against Defendant Thomas Brienzi (hereinafter "Motion for Partial Summary Judgment") [DE-60].

I.      Factual & Procedural Background

The suit's origin lies in a complicated history of divorce and a custody battle between pro se Plaintiff Japheth Matemu ("Plaintiff") and his ex-wife and third-named defendant, Traci Matemu ("Defendant Matemu"). Plaintiff originally filed suit against Defendants Thomas Brienzi (police officer), Brian Tew (police officer), and Traci Matemu (ex-wife) on July 29, 2019, in Wake County Superior Court. Notice of Removal ¶ 1, DE-1. Over one week later, on August 7, 2019, Plaintiff filed an amended complaint. *Id.* ¶ 2. Before filing any responsive pleadings in state court,

---

[1] "Defendants" refers to Thomas Brienzi, Brian Tew, John Herring, and the Town of Holly Springs.

1

Defendants Brienzi and Tew, with Defendant Matemu's consent, filed a notice to remove the action to federal court based on federal-question jurisdiction on August 28, 2019. *Id.* ¶¶ 5, 9.

A response to the removed Amended Complaint was due to this Court on September 4, 2019. Defendants Brienzi and Tew requested and were granted leave for an extension of time to file an answer or otherwise respond through October 4, 2019 [DE-9; DE-10]. Defendant Matemu made no such request. On September 5, 2019, Plaintiff moved for default judgment against Defendant Matemu [DE-13].

On September 6, 2019, Defendant Matemu filed a motion for extension of time to file her answer [DE-15]. A response in opposition was filed by Plaintiff on September 9, 2019 [DE-16], a reply by Defendant Matemu was filed on September 17, 2019 [DE-20].

On September 27, 2019, Plaintiff filed a Second Amended Complaint [DE-21], without the consent of the Defendants or leave of the court. In his Second Amended Complaint Plaintiff added two new defendants, the Chief of Police and the Town of Holly Springs, and factual allegations surrounding their involvement in the matter. Defendants, except Defendant Matemu, filed a motion to strike the Second Amended Complaint and memorandum in support on October 18, 2019 [DE-37; DE-38]. Plaintiff responded in opposition on November 4, 2019 [DE-42], and Defendants replied on November 18, 2019 [DE-44].

Also on September 27, 2019, Plaintiff filed a Motion to Remand the case back to Wake County Superior Court and memorandum in support [DE-23; DE-24]. On October 18, 2019, Defendants, except Defendant Matemu, filed their response in opposition [DE-39].

On October 3, 2019, Plaintiff filed a Motion for Leave to File Amended Complaint, attaching a proposed Third Amended Complaint, and memorandum in support to fix the case caption to appropriately reflect that the case moved to the Eastern District of North Carolina [DE-

2

25; DE-26]. Defendants, except Defendant Matemu, filed a response in opposition on October 18, 2019 [DE-40], and Plaintiff replied on November 4, 2019 [DE-43].

On October 4, 2019, Defendants Brienzi and Tew filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim [DE-28]. Plaintiff filed his response in opposition on October 9, 2019 [DE-31] and Defendants Brienzi and Tew replied on October 23, 2019 [DE-41].

This case was reassigned to the undersigned on January 6, 2020. On April 23, 2020, the court ruled on all outstanding motions. On May 7, 2020, the deadline by which Defendants were to answer or otherwise respond to Plaintiff's Third Amended Complaint, Defendants, except Defendant Matemu, filed a Motion to Dismiss [DE-48]. The same day, Plaintiff filed a Motion to Amend [DE-53]. On June 3, 2020, Plaintiff filed a Motion for Partial Summary Judgment [DE-60]. These three motions are ripe for ruling.

II. Plaintiff's Motion to Amend [DE-53]

Plaintiff seeks leave of the court to file the fifth iteration of his complaint. In the court's estimation, the proposed changes amount to providing additional factual detail to certain claims and adding defendants and a supervisory liability claim under Title 42 United States Code Section 1983. In their response in opposition, Defendants (except Defendant Matemu, who has already answered the Third Amended Complaint, DE-50) argue that to grant leave to amend would be futile [DE-58].

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend should be freely given "when justice so requires." *Id.*; *see also Scott v. Family Dollar*

*Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (noting the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).") (citation omitted). Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006). Of these considerations, prejudice is of particular importance. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Under [the *Foman*] standard prejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment. Conversely, absence of prejudice, though not alone determinative, will normally warrant granting leave to amend.") (citation omitted).

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427.

Furthermore,

> (T)he Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure [sic] that constitutional deprivations are redressed and that justice is done. So, although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the pro se plaintiff, radiations from *Burris* strongly suggest that the district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis

> for recovery under any of the civil rights acts or heads of jurisdiction
> in the federal arsenal for redress of constitutional deprivations.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasis added).

Given the Fourth Circuit's position on civil rights plaintiffs and pro se civil rights plaintiffs in particular, *see id.*, this court will treat Plaintiff's motion for leave to amend liberally.[2] Here, the core causes of action remain unchanged: malicious prosecution, abuse of process, false imprisonment, constitutional violations pursuant to 42 U.S.C. § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, and libel. Plaintiff nominally adds counts eleven and twelve to the Fourth Amended Complaint, expanding upon allegations that are contained in count ten, which appeared in the Third Amended Complaint. In also newly added count thirteen, Plaintiff alleges supervisory liability under 42 U.S.C. § 1983 against two defendants, the Chief of Police, John Herring, and Holly Springs Town Manager, Randy Harrington. The three elements necessary to establish supervisory liability under § 1983 are "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); *see also Avery v. Cnty. of Burke*, 660 F.2d 111, 114 (4th Cir. 1981) (noting issue on supervisory liability claims is ordinarily one of fact, not law). Plaintiff appears to adequately state a plausible claim for supervisory liability by alleging the following: (1) the

---

[2] Pro se pleadings are generally held to less stringent standards than those drafted by licensed attorneys. *Gordon*, 574 F.2d at 1151-52. This court has previously given Plaintiff the benefit of his pro se status, despite the fact that he is a licensed attorney.

defendants have direct oversight over law enforcement personnel, including the two police officers named as defendants in their individual capacities, and were either directly involved in or knew of their efforts to arrest and prosecute Plaintiff without the requisite probable cause and that there was a pattern and practice of arrests without probable cause; (2) the supervisors authorized the arrest of Plaintiff without probable cause by approving a warrant applicable based on unreliable information and encouraged the prosecution of Plaintiff after becoming aware of fabricated evidence; and (3) that because of the supervisors' inaction, the Plaintiff's Fourth Amendment rights were violated and the prosecution of Plaintiff was allowed to continue. Therefore, allowing amendment of the complaint would not be futile. Plaintiff's Motion to Amend [DE-53] is GRANTED. However, the court admonishes Plaintiff that further leave to amend will not be granted, as the Fourth Amended Complaint represents the fifth iteration of his claims in this litigation, and further amendment would be prejudicial to all parties involved.

III.  Defendants' Motion to Dismiss [DE-48]

Defendants Brienzi, Tew, Herring, and the Town of Holly Spring filed a Motion to Dismiss [DE-48], which is now moot. "Where an amended complaint has been filed with leave of court, motions to dismiss earlier complaints are denied as moot. Plaintiff's original complaint in now 'of no legal effect.'" *Parsons v. N. Carolina Dep't of Revenue*, No. 5:18-CV-452-FL, 2019 WL 2181913, at *2 (E.D.N.C. May 20, 2019) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)); *see also* Charles Alan Wright & Arthur R. Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2020) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case

6

Case 5:19-cv-00380-M   Document 70   Filed 09/09/20   Page 6 of 8

. . . .") (footnotes omitted). Accordingly, the pending Motion to Dismiss [DE-48] is DENIED as moot.

IV.     Plaintiff's Motion for Partial Summary Judgment [DE-60]

Plaintiff moves for summary judgment on his claims for malicious prosecution and civil rights violations against Defendant Brienzi. The Fourth Circuit has held that "[a]s a general rule, summary judgment is appropriate only after adequate time for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (internal quotations and citations omitted). When little to no discovery has occurred, the "nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Id.* (citing *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995)). Federal Rule of Civil Procedure 56(d) permits a court to defer or deny summary judgment if the nonmovant shows by affidavit or declaration that it could not properly oppose a motion for summary judgment without a chance to conduct discovery. Here, Defendants have complied with the rule by filing an affidavit informing the court of the need for time to develop the factual record to properly oppose Plaintiff's motion. *See* Hartzog Decl. ¶¶ 4-5, DE 66-1 ("Defendants have not had the opportunity to conduct any discovery in this action . . . a significant degree of discovery will be needed, including discovery as to the facts underlying the arrest warrant at issue in Plaintiff's Motion and the facts surrounding Defendant Brienzi's procurement of the arrest warrant."). In light of the granting of Plaintiff's Motion to Amend and the fact that little, if any, discovery has taken place in this case, Plaintiff's Motion for Partial Summary Judgment is DENIED as premature. Discovery and development of the record will assist the court in resolving the issues presented.

7

V.  Conclusion

For the reasons discussed above, the pending motions are disposed of as follows:

- Plaintiff's Motion to Amend [DE-53] is GRANTED. The Clerk is DIRECTED to docket Plaintiff's Fourth Amended Complaint, currently an attachment to Plaintiff's Motion [DE-53-2], and update the case caption accordingly. Defendants will have fourteen (14) days to answer or otherwise respond to the Fourth Amended Complaint. Fed. R. Civ. P. 15(a)(3).
- Defendants' Motion to Dismiss [DE-48] is DENIED as moot.
- Plaintiff's Motion for Partial Summary Judgment [DE-60] is DENIED as premature.

SO ORDERED this the 9th day of September, 2020.

*Richard E Myers II*

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE