IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00380-M

JAPHETH N. MATEMU,                     )
                          Plaintiff,   )
                                       )
v.                                     )                    **ORDER**
                                       )
THOMAS BRIENZI *et al.*,               )
                          Defendants.  )

This matter is before the court on Defendants Thomas Brienzi, Brian Tew, John Herring, the Town of Holly Springs, and Randy Harrington's Motion to Stay Discovery [DE-82] pending resolution of their Motion to Dismiss Plaintiff's Fourth Amended Complaint. The remaining Defendant, Traci Matemu, does not object to the motion to stay. DE-83 at 6. Plaintiff filed a response in opposition to the motion to stay [DE-88 & DE-89]. Having carefully considered the motion, the record, Plaintiff's objection to the motion, and applicable authority, the motion to stay will be allowed.

Issuing a protective order to stay discovery pending the resolution of a dispositive motion is an appropriate exercise of the court's discretion. *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004), *cert. denied*, 543 U.S. 819 (2004). "The standard factors favoring issuance of a stay include the potential for the dispositive motion to terminate all claims in the case, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Baker v. Bank of Am., N.A.*, No. 5:13-CV-92-F, 2013 WL 6408221, at *1 (E.D.N.C. Dec. 6, 2013) (citations omitted); *see Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019)

(listing same three factors). The party moving for a stay bears the burden of demonstrating good cause and reasonableness. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Here, the factors weigh in favor of implementing a stay. First, Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint has the potential to terminate all claims against Defendants. Second, even if only granted in part, the result may be a substantial narrowing of the issues for discovery. Though Plaintiff opposes the stay, he concedes that "Defendant[s] have substantially complied with [the] discovery order by producing documents although disputes remain . . . ." DE-88 at 1. Finally, the pending motion to dismiss has been fully briefed and, thus, discovery is irrelevant to the motion. For good cause shown and reasonable grounds demonstrated, the motion is GRANTED.

IT IS THEREFORE ORDERED that all discovery in this matter shall be stayed pending the court's resolution of the Motion to Dismiss Plaintiff's Fourth Amended Complaint [DE-80]. The Plaintiff's outstanding motion to amend the scheduling order [DE-76] is DENIED as moot.

SO ORDERED this the 2ᵈ day of February, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE