IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00380-M

| | | |
|---|---|---|
| JAPHETH N. MATEMU, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS BRIENZI *et al.*, | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Traci Matemu's (hereinafter "Defendant Matemu") Motion to Vacate the Entry of Default [DE-93] entered against her after her failure to respond to the Plaintiff's Fourth Amended Complaint. Plaintiff responded in opposition [DE-95]. After careful consideration of the motion, the record, Plaintiff's objection to the motion, and applicable authority, the motion will be allowed.

A decision to set aside an entry of default "lies largely within the discretion of the trial judge and [the court's] action is not lightly to be disturbed by an appellate court." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (citation omitted). Moreover, the law generally, and the Fourth Circuit particularly, disfavors disposition by default and accords preference to resolving a case on its merits. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). Under the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). When ruling on a Rule-55(c) motion, a court considers the following factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of

1

sanctions less drastic." *Payne*, 439 F.3d at 204-05. In one recent, analogous case from the Fourth Circuit, the district court's decision to grant a motion to vacate default was affirmed when the trial attorney was determined to be the party responsible for failing to timely respond to the plaintiff's complaint. *See Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (unpublished) (looking approvingly on an award of attorney's fees and costs to the party opposing the motion to set aside the entry of default).

The court considered the *Payne* factors and finds that four of the six weigh in favor of granting the motion. The first *Payne* factor, whether there is a meritorious defense, is neutral. Defendant Matemu's Answer to the Third Amended Complaint, incorporated by reference in the instant motion, generally denies the allegations directly raised against her and purports to include what is titled a "Motion to Dismiss" without an accompanying memorandum of law. *See generally* Def. Matemu's Answer & Mot. to Dismiss Pl.'s Compl., DE-50; *see also Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) (noting that a defendant cannot simultaneously answer a complaint and move to dismiss it, "it technically should have filed the motion under Rule 12(c) as one for judgment on the pleadings"). At this stage, it is unclear to the court whether Defendant Matemu's defenses will be successful. Second, Defendant Matemu promptly moved to vacate the Clerk's entry of default two days after it was filed, weighing in favor of granting the motion. Third, Defendant Matemu does not herself bear any responsibility for her failure to answer. Instead it is her attorney who bears the responsibility; he reports that the failure to answer was at least in part caused by his failure to receive email notifications of case activity from the CM/ECF electronic docketing system. DE-93 ¶¶ 16-17. Furthermore, Defendant Matemu has demonstrated her involvement and willingness to defend this case thus far by answering discovery and filing an Answer to Plaintiff's Third Amended Complaint. This third factor therefore also weighs in favor

2

Case 5:19-cv-00380-M  Document 100  Filed 02/08/21  Page 2 of 4

of granting the motion. The fourth factor, prejudice to the nonmoving party, weighs in favor of granting the motion. There is an outstanding motion to dismiss [DE-80] filed by the remaining Defendants to this litigation and discovery in this matter has been stayed pending a ruling on that motion [DE-99]. Granting the instant motion and allowing Defendant Matemu additional time to answer or otherwise respond to the Fourth Amended Complaint will not unduly delay the litigation. Furthermore, in this context, "delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418.

The fifth factor, whether there is a history of dilatory action, weighs against granting the motion. Notably, this is the second time Defendant Matemu has been faced with the possibility of default judgment. The first time was also due to Defendant Matemu's failure to timely respond to a prior version of Plaintiff's complaint. *See* Order at 11-13, DE-46 (denying Plaintiff's motion for entry of default by the clerk). Issues with email notifications associated with the CM/ECF electronic docketing system after the Fourth Amended Complaint was docketed on September 9, 2020, do not explain how or why a directive in this court's order of September 9, 2020 [DE-70] was ignored. *See* Order at 8, DE-70 ("Defendants will have fourteen (14) days to answer or otherwise respond to the Fourth Amended Complaint."). This deadline expired on September 23, 2020. Approximately one month later, this court issued a text order noting that Defendant Matemu had "not filed an answer or otherwise responded to Plaintiff's Fourth Amended Complaint [DE-71] within the appropriate time period" and provided Defendant Matemu an additional seven days to do so or else move for an extension of time. Text Order of Oct. 22, 2020. When she failed to do so Plaintiff proceeded, as directed, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1 to obtain an entry of default. More recently, and after issues with email notification were reportedly resolved, see DE-93 ¶ 17, Defendant Matemu failed to

3

address notices of deficiency dated December 7 and 15, 2020, and respond to a directive in a text order issued on January 8, 2021, related to this very motion.

Finally, the sixth factor, the availability of sanctions less drastic than the entry of default, weighs in favor of granting the motion. Sanctions less drastic than default will be available throughout this litigation if Defendant Matemu continues untimely responses and fails to obey court orders. For example, sanctions are available for failures to obey a scheduling or other pretrial order, see Fed. R. Civ. P. 16(f)(1)(C), for discovery violations, see Fed. R. Civ. P. 37, and as part of a court's inherent power, see *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1378 (Fed. Cir. 2002) (suggesting a sanction of attorney's fees in favor of a pro se plaintiff who was an attorney could be appropriate under the court's inherent power). Additionally, the Fourth Circuit has recognized awards of attorney's fees and costs as a less drastic alternative to entries of default, see *Saunders*, 806 F. App'x at 168, and default judgment, see *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). Neither party has suggested alternative sanctions in this case. If dilatory action on the part of counsel for Defendant Matemu continues, the court may find the imposition of sanctions to be appropriate.

In light of the Fourth Circuit's strong policy of deciding cases on the merits and the *Payne* factors discussed above, the court finds good cause to set aside the default. The court, in its discretion, GRANTS Defendant Matemu's Motion to Vacate the Entry of Default [DE-93]. Defendant Matemu is ORDERED to answer or otherwise respond to the Fourth Amended Complaint within fourteen (14) days, on or before February 22, 2021.

SO ORDERED this the 8th day of February, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE